**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ELKINO DAWKINS, SR., ) | |
| ) | Case No. 2:14-cv-01804-APG-NJK |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | (IFP App - Dkt. #1) |
| SOCIAL SERVICES, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Elkino Dawkins is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a Complaint on October 29, 2014. *Id.* This proceeding was referred to this court by Local Rule IB 1-9.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 1  Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

. . . .

1    Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of pro se pleadings is required after *Twombly* and *Iqbal*).

Plaintiff filed the instant action against "Social Services," though he fails to allege which Social Services agency he intends to name. Docket No. 1-1. His Complaint consists of the following: "I was denied Charity from a Charitable Service. Thus denying me of my Civil Liberties[.]" *Id.* Plaintiff demands recovery of $15,000. *Id.*

**A.    Federal Question Jurisdiction**

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded

complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff has not identified any federal law under which he seeks to proceed. Accordingly, federal question jurisdiction does not exist.[1]

### B. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Plaintiff seeks damages of $15,000, and fails to state the citizenship of the defendant he seeks to sue. Docket No. 1-1. Accordingly, the Court finds that Plaintiff has not established diversity jurisdiction.

### C. Allegations in Complaint

Here, Plaintiff has made the conclusory allegation that the denial of charity from an unspecified "Charitable Service" has denied him of civil liberties. Docket No. 1-1. He provides no factual details regarding his claim, and fails to identify any law or legal theory under which he seeks recovery. *Id*. His bare assertion that Defendant denied him of his civil liberties, with no factual basis and no explanation as to how those facts constitute a violation of any laws, does not sufficiently state a claim. *See Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 678.

For the reasons set forth above, Plaintiff's Complaint is dismissed without prejudice, with leave to amend. If Plaintiff believes he can correct the deficiencies in his Complaint and chooses to file an Amended Complaint, it should comply with this Order and contain not only a showing that this Court has jurisdiction over his claim, but also additional factual information and an explanation as to how those facts constitute a violation of the laws which serve as the basis of his claim.

. . . .

. . . .

. . . .

---

[1] Although Plaintiff's complaint fails to identify a federal law under which he seeks to proceed, he states on his cover sheet that he seeks to proceed under Title VII of the Civil Rights Act of 1964. Docket No. 1-2. As Title VII applies to employment cases, however, and Plaintiff has not alleged any sort of employment discrimination, Title VII does not apply to his case.

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

4. The Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **December 8, 2014**, to file an Amended Complaint, if he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, he is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this Order will result in the recommended dismissal of this case, without prejudice.

Dated this 7th day of November, 2014.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE